The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion regarding the Acts of the 78th General Assembly, Regular Session 1991, which affect statewide initiatives. You state that persons who have received certification from the Attorney General and from your office have expressed concerns over changes made during the regular session. Your question in this regard is as follows:
 Whether initiatives which have been certified prior to the effective dates of any Acts which change the form of the petitions and form of the verification must prepare their petitions to comply with the new laws. Must they seek a new certification?
I assume that this question pertains to initiative petitions that have been circulated, (following approval of the ballot title and popular name), verified by canvassers, and submitted to and approved by the Secretary of State for placement on the 1992 ballot.
It is my opinion that as to such petitions, the answer to your question is "no." The petitioners are not required to seek a new certification. A review of 1991 amendments to election laws involving the form of initiative and referendum petitions and the circulation of petitions indicates that these acts are not given retroactive effect.
See Acts 42, 719, 1094 and 1153 of 1991. Legislative enactments will ordinarily be deemed to apply prospectively only, unless the intent for retroactive application is clearly expressed or necessarily implied. See, e.g., Arkansas Rural Med. Prac.Student Loan Scholarship Bd. v. Luter, 292 Ark. 259,729 S.W.2d 402 (1987); Abrego v. United Peoples Fed. Sav. Loan,281 Ark. 308, 664 S.W.2d 858 (1984). The 1991 acts in question do not appear to apply retroactively such that initiatives that have been certified must be resubmitted.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb